Denise TRACHSEL, Plaintiff,

v.

**TWO RIVERS PSYCHIATRIC HOSPITAL and Dr. Robert Sherman, Defendants.**

No. 95–0070–CV–W–6.

United States District Court, W.D. Missouri, Western Division.

May 2, 1995.

Gail M. Hudek and Paul F. Pautler, Jr., Hudek & Associates, P.C., Kansas City, MO, for plaintiff.

Ewell E. Egan, Jr. and Marcy V. Massengale, Gordon, Arata, McCollan & Duplantis, LLP, New Orleans, LA, and Larry M. Schumaker, Shook, Hardy & Bacon, Kansas City, MO, for Two Rivers Psychiatric Hosp.

Kelly McClelland and Jill M. Covington, The McClelland Law Firm, Liberty, MO for Dr. Robert P. Sherman.

## ORDER

SACHS, Senior District Judge.

Plaintiff Denise Trachsel has moved to dismiss a counterclaim for defamation filed by defendant Robert Sherman ("Sherman"). Plaintiff's complaint alleges sexual harassment in violation of Title VII, and related state law claims.[1] The defamation claim arises out of certain correspondence forwarded to defendant Two Rivers Psychiatric Hospital ("Two Rivers") by plaintiff's attorney prior to the initiation of this lawsuit. Sherman alleges that these communications falsely charged him with sexual misconduct, which resulted in damage to his professional reputation.

The parties agree that resolution of this motion centers on the scope of the privilege possessed by plaintiff's attorney. Sherman urges the court to adopt the rationale of *Roberson v. Beeman,* 790 S.W.2d 948 (Mo.Ct. App.1990), in which the Missouri Court of Appeals stated that "alleged defamatory extrajudicial communications made by attor-

neys to persons other than the alleged defamed party or its agents" in anticipation of judicial proceedings are subject to a qualified privilege. *Id.* at 950. This privilege is defeated by a showing of bad faith or malice, which is normally a question for the jury. *Id.* at 951.

Plaintiff cites *Asay v. Hallmark Cards, Inc.,* 594 F.2d 692 (8th Cir.1979), for its contention that the communications at issue are absolutely privileged, which renders bad faith or malice irrelevant. Although the reasoning in *Asay* is persuasive, it is not controlling here because, as noted by defendant, it involved an application of Iowa law.

■ Since there are no Missouri Supreme Court decisions directly on point, this court must predict how the Missouri Supreme Court would resolve this issue if directly confronted with it. *See Jackson v. Anchor Packing Co.,* 994 F.2d 1295, 1301 (8th Cir. 1993). Although decisions of the state courts of appeals are almost always followed in this regard, where no Supreme Court ruling is to the contrary, they are in no way binding. *King v. Order of United Commercial Travelers,* 333 U.S. 153, 160–61, 68 S.Ct. 488, 492, 92 L.Ed. 608 (1948).

■ The court's review of the relevant decisions convinces it that the Missouri Supreme Court would adopt a rule of absolute immunity. Particularly helpful is *Laun v. Union Electric Co.,* 350 Mo. 572, 166 S.W.2d 1065 (1942), in which Missouri's highest court discusses the distinction between absolute and qualified immunity. *Id.* 166 S.W.2d at 1068–69. *Laun* approvingly cites the Restatement of Torts as setting forth the principles of absolute immunity. *Id.* Section 586 of the Restatement provides an absolute privilege for communications by attorneys at law preliminary to a proposed judicial proceeding. This section is retained, with only minor variation, in the Restatement (Second) of Torts.[2]

---

1. Count II of the complaint alleges negligent infliction of emotional distress, count III alleges intentional infliction of emotional distress, and count IV alleges sexual assault and battery.

2. Restatement (Second) of Torts § 586 provides: "An attorney at law is absolutely privileged to

publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding."

The court considers it probable that the Missouri Supreme Court would adopt § 586 of the Second Restatement.[3] Because the allegedly defamatory statements were preliminary to a contemplated judicial proceeding and related to that proceeding, they were absolutely privileged.[4] Accordingly, it is hereby

ORDERED that plaintiff's motion to dismiss defendant Sherman's counterclaim is GRANTED. The clerk is directed to enter judgment in favor of plaintiff on defendant Sherman's counterclaim.

---

3. The Missouri Supreme Court tends to approve of the Restatement provisions relating to defamation. *See, e.g., Henry v. Halliburton,* 690 S.W.2d 775 (Mo.1985); *Pulliam v. Bond,* 406 S.W.2d 635 (Mo.1966); *Laun, supra.*

4. Once suit was filed, of course, communications made during the suit would be absolutely privileged, even under the rationale of *Roberson.*

Presumably a claim for malicious prosecution could, however, be filed after the conclusion of litigation in favor of defendants. My departure from what is said in *Roberson* is easily justified because the defendants there asserted qualified privilege (790 S.W.2d at 950), so the distinction between absolute and qualified privilege was not a litigated issue.