Lloyd **RUCKER**, Plaintiff-Appellant,

v.

**KMART CORPORATION, et al.,**
**Defendants-Respondents.**

No. 51513.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 19, 1987.

Motion for Rehearing and/or Transfer
Denied June 17, 1986.

Application to Transfer Denied
Sept. 15, 1986.

Maureen C. McCarthy, St. Louis, for plaintiff-appellant.

Anthony F. Vaiana, Clayton, for defendants-respondents.

SMITH, Presiding Judge.

Plaintiff appeals from a judgment against him on his three count petition to recover damages for false arrest, malicious prosecution, and defamation. The judgment on the false arrest and malicious prosecution counts followed jury verdicts against plaintiff. The judgment on the defamation count resulted from the action of the trial court in setting aside a jury verdict in plaintiff's favor and entering judgment in accord with defendant's motion for directed verdict. Plaintiff's main attack is on the judgment on the defamation count. We affirm.

In view of plaintiff's challenge to the action of the trial court on the defamation count we review the evidence in the light most favorable to plaintiff. On May 17, 1983, plaintiff attempted to return a set of headphones to defendant's store on Gravois Avenue in St. Louis. Plaintiff did not have a receipt. The return clerk called the Central Refund Index of K–Mart which advised the clerk that plaintiff had in 1980 been apprehended for shoplifting in defendant's Jennings store. She then requested advice from the security manager who advised her that under store policy she could make an even exchange of merchandise but could not give plaintiff a cash refund. This was not acceptable to plaintiff. The security manager then went to the refund desk. The evidence is in great dispute as to what thereafter occurred. Plaintiff professes he was courteous but insistent on obtaining a refund and that the security manager was belligerent and eventually escorted him out of the store and then without justification arrested him for disturbing the peace. Defendant's evidence was that plaintiff became abusive and obscene and was yelling and was escorted from the store. When plaintiff attempted to return and threatened the security manager with a physical assault he was arrested and turned over to the police.

Plaintiff was issued a summons but prosecution for disturbing the peace was subsequently refused by the city counselor's office. When the police arrived the security manager advised them of his version of the occurrence including plaintiff's earlier "apprehension" for shoplifting. He also furnished the police with his written report which included the following statement:

"At approx. 9:00 P.M. this date I James Kimbrell a security officer for K–Mart store at 3861 Gravois was called to service desk for a refund. At this time I met subject Lloyd Rucker and explained to him that he could not have a refund because he had no receipt, and that *he had been apprehended at Jennings K–Mart for shoplifting.* At this time subject began shouting vulgarity, subject was then asked to leave store subject then stated he would not leave that I would have to throw him out at this time subject was then escorted out of store subject then told me to hit him and wanted to fight subject was then apprehended and returned to security office." (Emphasis supplied).

Plaintiff bases his defamation count upon the emphasized portion of the police report made both orally and in writing. Considerable evidence was adduced concerning the 1980 incident. Evidence of both plaintiff and defendant established that Plaintiff had been stopped and

searched in the Jennings store as a shop-lifting suspect. Plaintiff, a minor at that time, denied that any stolen merchandise was found in his possession; defendant's evidence indicated that stolen merchandise was found in his possession. Plaintiff was immediately released to his mother who had accompanied him to the store. No formal arrest was made and no charges were pressed.

In granting judgment for defendant on the defamation count the trial court set forth two grounds. The first was that the statement made was substantially true. The second was that the statement made concerning apprehension was made in explanation of the arrest and was therefore qualifiedly privileged and that no evidence of bad faith or malice in making the statement was offered. Plaintiff raises no contention here that he introduced evidence of bad faith or malice sufficient to overcome qualified privilege. He contends that the statement was not substantially true because he was "stopped" as a shoplifting suspect not "apprehended." He also contends that qualified privilege does not apply because the "apprehension for shoplifting" was irrelevant to the disturbance of the peace arrest and therefore unnecessary in the report. We find it unnecessary to address the "substantially true" finding of the court.

 One of the defenses to a defamation action is qualified privilege. *Henry v. Halliburton*, 690 S.W.2d 775 (Mo. banc 1985) [3]. The scope of qualified privilege encompasses:

"... A communication made bona fide upon any subject matter in which the party communicating has an interest, or in reference to which he has a duty, is privileged, if made to a person having a corresponding interest or duty, although it contain criminatory matter, which, without this privilege, would be slanderous and actionable. But in this definition of a privileged communication, the word 'duty' cannot be confined to legal duties, which may be enforced by indictment, action, or mandamus, but must include moral and social duties of imperfect obligation." *Id.* [8, 10];

*See also, Estes v. Lawton-Byrne-Brunner Insurance Agency Company*, 437 S.W.2d 685 (Mo.App.1969) [1]; *Brown v. P.N. Hirsch & Company Stores, Inc.*, 661 S.W.2d 587 (Mo.App.1983) [1]. Whether qualified privilege applies is a question of law for the court. *Brown v. P.N. Hirsch & Company Stores Inc., supra,* [1]. If the defense is available, plaintiff bears the burden of establishing express malice to overcome the defense. *Estes v. Lawton-Byrne-Bruner Insurance Agency Company, supra,* [4–6]. The question of bad faith or malice is for the jury where evidence of such is presented. *Id.* A communication to law enforcement officers for the purpose of helping bring a criminal to justice is qualifiedly privileged. *Brown v. P.N. Hirsch & Company Stores, Inc., supra,* [3].

 The security officer's report, including the reference to plaintiff's apprehension for shoplifting, is qualifiedly privileged. The report explained the circumstances of plaintiff's arrest. The defendant's policy of refusing cash refunds where the customer had a previous episode of shoplifting and no receipt was the motivating cause of the subsequent difficulties between plaintiff and the security manager and the eventual arrest of plaintiff for peace disturbance. It was proper, indeed necessary, that the security officer set forth in his report the reasons he gave plaintiff for why the refund was refused which triggered the subsequent conduct of both parties. Plaintiff makes no contention that he established express malice or bad faith and we find no such evidence. The trial court correctly granted judgment for defendant on the defamation count.

Plaintiff also raises a contention of error regarding certain testimony which the trial court excluded which plaintiff contends was relevant to his false arrest count. At most the evidence related to damages which the jury never reached. In addition

the testimony, involving veiled threats and racial epithets by the police officers (not defendants' employees), was so tenuous in relevance and so potentially prejudicial that the court was well within its discretion in refusing its admission.

Judgment affirmed.

DOWD and REINHARD, JJ., concur.