**D.L. ERICKSON, Plaintiff–Appellant,**

v.

**PULITZER PUBLISHING COMPANY, Defendant–Respondent.**

No. 57775.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 9, 1990.

D.L. Erickson, St. Louis, pro se.

Eric Paulsrud, St. Louis, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

The appellant, Donald Lee Erickson, a lay *pro se* litigant throughout all of these proceedings,[1] (Erickson) challenges the trial court's judgment of November 9, 1989, granting respondent's, Pulitzer Publishing

---

1. The appellant failed to appear at oral argument. His ignorance of Rule 84.04(d) is obvious. His points relied on fail to state wherein and why the trial court erred. In the name of judicial economy, we review and decided the issues *ex gratia*.

Company (Pulitzer), motion for summary judgment on Count I of his petition. Subsequently, in the same judgment, the trial court denied Erickson's motion for summary judgment on Count I. Erickson appeals that judgment which denied his motion for summary judgment. In addition to the trial court's judgments on those motions for summary judgment on Count I, Erickson also is seeking to appeal the trial court's judgment of September 13, 1989, dismissing Counts II, III, V, VI, VII and VIII of his petition.[2]

We hold that the trial court correctly granted Pulitzer's motion for summary judgment as to Count I of Erickson's petition. We also hold that the trial court's judgment denying Erickson's motion for summary judgment is not reviewable, because Erickson failed to comply with Rule 74.04(c). We reject Erickson's arguments that the trial court erred in granting Pulitzer's motion to dismiss Counts II, V, and VI because Erickson failed to comply with the court's rules.

The facts are that two newspaper articles appeared in the St. Louis Post–Dispatch (Post–Dispatch), a newspaper owned by Pulitzer, on January 27 and January 28, 1987, written by columnist Elaine Viets. In the first article she related Erickson's efforts to promote a singles' dating directory, known as the "Singles Yellow Pages." In a second article one day later Viets added what she called "Single Yellow Pages: The Rest of the Story." Viets expanded her prior column by reporting information about Erickson's arrest record for assault, forgery, alleged rape charges, and a consent order obtained by the Missouri Attorney General permanently enjoining Erickson from operating the Citizen's Law Center, Inc., a not-for-profit group legal services plan in Missouri. The article included a photograph of Erickson taken by the police department of Webster Groves. The story quoted Erickson as saying, "all those women I supposedly raped have never come forward. The other rape charges have been dropped. The assault charge is just a little slap." Erickson denied he made the statement and alleges that it is libelous. This forms the basis of Count V of Erickson's petition.

Six months later, on July 17, 1987, Mary E. Chollett, a reporter, wrote a story in the Post–Dispatch that problems with witnesses had forced the state to drop the charges of assault, forgery, and rape against Erickson.

Approximately, two years later, the Post–Dispatch published a story on June 15, 1989 reporting that Erickson had been arrested and charged with the unlawful use of a weapon on June 12, 1989 by the Webster Groves police department. Erickson alleges that he was contacted on June 19, 1989 by a Post–Dispatch reporter who requested an interview and allegedly agreed to publish a story based upon this interview. No story was ever published in the Post–Dispatch.

In Count I of his petition Erickson claims that he was libeled by the July 17, 1987 article reporting that the state had dropped charges of assault, forgery, and rape against Erickson. The trial court granted Pulitzer's motion for summary judgment on this count on November 9, 1989. In Count II of the petition Erickson complains that the Post–Dispatch breached a contract to permit him to respond to the June 15, 1989 article reporting that Erickson had been arrested and charged with the unlawful use of a weapon. Counts V and VI of the petition sought damages for libel and invasion of privacy on the basis of the second Viets' article published on January 28, 1987. The trial court granted Pulitzer's

---

**2.** Appellant did not seek to appeal the dismissal of counts III, VII and VIII.

Before the September 13, 1989 order dismissing those counts Erickson voluntarily dismissed the City of Webster Groves (Webster Groves) as a defendant. This action mooted Count IV which sought relief exclusively against Webster Groves. In several other counts of his petition Erickson had originally sought relief against both Pulitzer and Webster Groves. By dismissing his action against Webster Groves, Pulitzer became the sole defendant.

motion to dismiss Counts II, V, and VI on September 13, 1989.[3]

In Point I, Erickson argues that the trial court erred in granting Pulitzer's motion for summary judgment on Count I of his petition and cites Rule 74.04(c) as his sole authority. Count I of the petition alleges that the July 17, 1987 article is libelous because five statements contained in the article were not an accurate "report" of the statement of others or the contents of public records, thus not falling within a report of judicial or executive proceedings and subject to a qualified privilege. The July 17, 1987 Post–Dispatch article is reproduced here, and the five allegedly libelous statements are underlined.

### Charges Dropped in Sex Case

By Mary E. Chollett

of the Post–Dispatch Staff

*Problems with witnesses have forced the state to drop charges of rape, assault and forgery against a man from Webster Groves.*

All charges against Donald L. Erickson, 45, have been dismissed, authorities said Thursday.

'It's frustrating whenever we have a case we feel should be prosecuted but fail to secure the necessary cooperation of witnesses,' said Al Johnson, an assistant prosecuting attorney in St. Louis County. 'But I can understand how these women feel.'

*The women were the victims in the case. Erickson had been charged in November with raping one woman who answered his bogus newspaper ad for a housekeeper.*

*But the day the county grand jury was to indict Erickson on the rape charge,* the woman who claimed to be the victim was having such emotional difficulties with the case that she and author-

ities agreed that she could not go through with a trial, Johnson said.

Another charge in the same case fell through when a 'wire'—a microphone—worn by an undercover police officer posing an[sic] applicant responding to the ad malfunctioned while the suspect was making some sexual suggestions, Johnson said.

But in the meantime, Johnson said other women who had answered the ad had got in touch with his office. One woman who had been beaten and had a bone in her face broken had dropped an assault charge that she had been pursuing against Erickson in Webster Groves Municipal Court.

But she agreed to let the county refile the charges. Erickson then was charged with the second-degree assault, a felony and forgery. The forgery charge stemmed from what was reported to be an attempt by Erickson to forge a lawyer's name on a divorce decree and then persuade a genuine lawyer to file the document for him.

*The lawyer he is said to have approached reported him to authorities.*

But that lawyer is uncertain about pursuing the case, and the woman who claimed to be assaulted is living in a shelter for battered women outside St. Louis County and having a variety of problems, Johnson said. Neither will testify now, he said.

The trial court granted Pulitzer's motion for summary judgment and stated that "the reasons for granting summary judgment ... are as set forth in defendant Pulitzer's Motion for Summary Judgment and defendant Pulitzer's Memorandum in Support of its Motion for Summary Judgment ..." which states that Erickson's allegations fail to state a claim upon which relief can be granted and supported by five exhibits.

---

**3.** By the same order the trial court also granted the motion to dismiss Counts III, IV, VII, and VIII. Erickson did not attempt to raise on appeal the dismissal order on these counts. See Footnote 2, *supra.*

In reviewing a summary judgment, the appellate court must determine, first, whether there is a genuine issue of material fact requiring a trial, and, second, whether the prevailing party was entitled to judgment as a matter of law. *Green Hills Production Credit Association v. R & M Porter Farms, Inc.*, 716 S.W.2d 296, 298 (Mo.App.1986). *Butcher v. Ramsey Corp.*, 628 S.W.2d 912, 914 (Mo.App.1982). A motion for summary judgment is applicable to an action in libel. *Dietrich v. Pulitzer Publishing Co.*, 422 S.W.2d 330, 333 (Mo.App.1968); *Spradlin's Market, Inc. v. Springfield Newspapers, Inc.*, 398 S.W.2d 859 (Mo.App.1966). Both the appellate court, as well as the trial court, must view the record on summary judgment in the light most favorable to the party against whom the judgment is rendered. *Easy Living Mobile Manor, Inc. v. Eureka Fire Protection Dist.*, 513 S.W.2d 736 (Mo.App. 1974).

The trial court determined that all five statements asserted in the July 17, 1987 edition of the Post–Dispatch were protected under the qualified privilege of reporting on judicial or executive proceedings. The trial court concluded that the article was a fair and accurate report or abridgement of the following exhibits submitted by the Post–Dispatch in support of its motion for summary judgment. They are the Police Department of Webster Groves, Law Enforcement/Incident Report, Complaint NO. 85–3624 (assault); Police Department of Webster Groves, Law Enforcement/Incident Report, Complaint No. 87–178 (forgery); Police Department of Webster Groves, Law Enforcement/Incident Report, Complaint No. 86011532 (rape and assault 1st degree); State of Missouri v. Donald L. Erickson, No. 555602, Minutes and Entire File (felony forcible rape); and State of Missouri v. Donald L. Erickson, No. 555623, Minutes and Entire File (forgery: making or altering a writing).

Reports of legislative, judicial or executive proceedings and the statements made therein, are subject to a qualified privilege. *Spradlin's Market, Inc. v. Springfield Newspapers, Inc.*, 398 S.W.2d 859, 864 (Mo.1966). This privilege can only be overcome if the matters published were not a "fair and accurate" report or abridgement of such proceedings. *Shafer v. Lamar Publishing Co.*, 621 S.W.2d 709, 713 (Mo.App.1981). The question of the existence of a qualified privilege is a question of law for the court and therefore it is particularly appropriate for resolution on a motion for summary judgment. *Rucker v. K Mart Corp.*, 734 S.W.2d 533, 535 (Mo.App. 1986); *Williams v. Pulitzer Broadcasting Co.*, 706 S.W.2d 508 (Mo.App.1986). Reading the record in the light most favorable to Erickson, we conclude that all five statements are protected under the qualified privilege of reporting on judicial or executive proceedings and the trial court did not err. Erickson's claim that they were not privileged is denied.

In Point II of Erickson's appeal he argues that the trial court erred in denying his motion for summary judgment as to Count I. In rebuttal, Pulitzer contends (1) that the trial court's denial of Erickson's motion for summary judgment is not an appealable order and (2) that the trial court did not err in denying Erickson's motion for summary judgment because that motion was improperly presented to the court without being served on Pulitzer at least ten days prior to the time set for hearing.

We have held that a trial court's denial of a motion for summary judgment is not subject to appellate review. The rationale for this rule is that such an order does not constitute a final judgment for purpose of appeal. *Farmers & Merchants Insurance Co. v. Cologna*, 736 S.W.2d 559, 569 (Mo.App.1987); *Wilson v. Hungate*, 434 S.W.2d 580, 583[s] (Mo.1968).

Further, Rule 74.04(c) states that a motion for summary judgment "shall be served at least ten days before the time fixed for the hearing." In the present case no notice was given. The ten day notice is mandatory. *Joachim Sav. & Loan v.*

*State Farm,* 764 S.W.2d 648, 649 (Mo.App. 1988). Erickson failed to comply with Rule 74.04(c), and thus the trial court correctly denied Erickson's motion for summary judgment.

In addition to Erickson's appeal from the November 9, 1989 judgment disposing of the motions for summary judgment as to Count I, Erickson also seeks to appeal from the trial court's September 13, 1989 order dismissing Counts II, V, and VI of the petition. Erickson asserts that the trial court erred (1) in dismissing Count II of his petition for failure to state a cause of action; (2) in dismissing Count V of his petition as time barred; and (3) in dismissing Count VI of his petition as both time barred and failing to state a cause of action. However, Pulitzer contends that these three remaining points have not been properly preserved for review on appeal because Erickson, in his notice of appeal, only specified that he was appealing from a summary judgment on Count I.

On December 11, 1989, Erickson filed his notice of appeal. In the block labeled "Brief Description of Case" on Erickson's Notice of Appeal (Form No. 8–B), he stated that he was appealing from a summary judgment for Pulitzer. The block entitled "Judgment or Order Appealed From" was left blank. Erickson attached a copy of the trial court's order granting Pulitzer's motion for summary judgment to his Notice of Appeal, which also included the order denying Erickson's motion for summary judgment.

On January 26, 1990, in Erickson's Rule A.01 Supplement, he stated that he expected to raise two issues on appeal, (1) that the trial court erred in granting Pulitzer's motion to dismiss, and (2) that the trial court erred in granting Pulitzer's summary judgment motion. On February 8, 1990, Pulitzer filed a motion to dismiss Erickson's appeal from the trial court's order of dismissal. On February 19, 1990, Erickson filed a motion for leave to file the trial court's "Order on Motion to Dismiss" out

of time. On February 22, 1990, this court granted Erickson's motion for leave to file the trial court's order of dismissal out of time, but stated that this did not constitute a determination of Pulitzer's motion to dismiss.

On June 26, 1990, Erickson filed a motion to amend his Notice of Appeal. Erickson's motion sought to include the trial court's judgment dismissing all but Count I of appellant's petition on Form No. 8–B and also to attach a copy of the trial court's order dismissing all but Count I of Erickson's petition to his notice of appeal. On June 28, 1990, Pulitzer filed a memorandum in reply to Erickson's motion to amend his notice of appeal. On July 6, 1990, we entered an order taking Erickson's motion to amend out of time with the case. We now address this motion.

The original notice of appeal filed by Erickson did not make any reference whatever to the September 13, 1989 judgment of the trial court's dismissal of Counts II, III, V, VI, VII and VIII of Erickson's petition. Rule 81.08(a) states the notice of appeal must specify the judgment or order appealed from. Since the notice of appeal refers to the Count I summary judgment proceeding only and does not mention the dismissal order of September 13, 1989, this court is confined to a review of the summary judgment only. *Green Hills Production Credit Association v. R & M Porter Farms, Inc.,* 716 S.W.2d 296, 299–300 (Mo.App. 1986); *In re Marriage of E.A.W. v. C.M.W.,* 573 S.W.2d 689, 692 (Mo.App. 1978); *Donnell v. Vigus Quarries, Inc.* 489 S.W.2d 223, 224 (Mo.App.1972).

A notice of appeal must be filed within ten days from the entry of the final judgment or order appealed from. Rule 81.-04(a) (1990). However, Rule 81.07(a) (1990) provides a special provision for the filing of notice of appeal out of time. The rule allows an appellant to file a late notice of appeal up to six months from the date of the final judgment, as long as appellant, with notice to the opposing parties, provides an affidavit that there is merit in the

claim and that the delay was not due to culpable negligence. Erickson did not attempt to take advantage of this rule and did not file a request for a special order to permit a late filing until June 27, 1990, which was more than six months from the date of the final judgment on the trial court's motion of dismissal.

Erickson's motion to include the trial court's September 13, 1989 order as part of his appeal is denied.

Pulitzer's motion for attorney's fees is denied.

Judgment affirmed.

CRANDALL, C.J., and GRIMM, J., concur.