**Martha Susan ANDERSON, Respondent,**

v.

**Donald Eugene ANDERSON, Appellant.**

**No. 18810.**

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 20, 1994.

Stephen P. Seigel, Springfield, for appellant.

Thomas D. Carver, Springfield, for respondent.

MONTGOMERY, Judge.

This is an appeal from the denial of motion brought under the provisions of Rule 74.06.[1] We affirm.

On December 20, 1990, Martha Susan Anderson (Martha) filed a Petition for Dissolution of Marriage against Donald Eugene Anderson (Donald). After the original summons was returned *non est,* Martha requested the issuance of an alias summons, which was subsequently served on August 14, 1991. Afterwards, Donald filed nothing in circuit court in response to the alias summons.

A Decree of Dissolution of Marriage, entered on October 17, 1991, indicates that Donald failed to appear and was in default. The only other relevant portion of the decree provided that Donald pay Martha $13,000 as lump sum maintenance. The court also ordered that a copy of the decree be sent to Donald at the address listed on the alias summons.

On December 26, 1991, and April 8, 1992, Martha filed a request for execution and garnishment, returnable in 90 days, directed toward Donald's wages at Litton Industries.

---

**1.** Rule references are to Missouri Rules of Court (1993), unless otherwise indicated.

A Summons to Garnishee was promptly served in each instance.

Donald filed a motion to set aside the decree of dissolution on July 9, 1992. Relevant portions of the motion alleged:

3. That after the filing of the Petition For Dissolution Of Marriage herein by Petitioner, she and Respondent continued to live together as husband and wife; that Petitioner told Respondent she was dismissing her Petition For Dissolution Of Marriage filed herein; that in Respondent's presence, the Petitioner telephoned someone represented by her to be her attorney and told said person to dismiss said petition; that after said telephone call the parties remained together as husband and wife, and Respondent continued to provide financial support and a business for her, not realizing said *Petition* [sic] had not been dismissed. Thereafter, without Respondent's knowledge, Petitioner did obtain a dissolution of marriage.

. . . .

5. That the judgment [sic] rendered herein should be set aside pursuant to the provisions of Rule 74.06(6) [sic], Missouri Rules of Civil Procedure, for the reason that said judgment and Decree of Dissolution of Marriage were procured by the fraudulent actions and representations of Petitioner as alleged herein.

After a hearing on the motion, the trial court denied relief to Donald on May 6, 1993. Among the findings of the trial court, we note the following:

As to his testimony regarding his wife calling the lawyer, I do not credit it. I consider this in view of his contradictory testimony on the stand and the indications of his heavy use of alcohol during the period.

Donald promptly appealed. His Notice of Appeal indicates he appeals from the denial of his motion "pursuant to Rule 74.06."

The first two points on appeal allege trial court error in the award of lump sum maintenance. Before addressing those points, we first address Donald's third and fourth points.

In his third point, Donald complains that the judgment was procured by fraud and that, in such an instance, Rule 74.06 "allows said judgment to be set aside." While this point relied on is far from a model of compliance with Rule 84.04(d), we glean from Donald's argument that he contends the trial court should have believed his testimony concerning Martha's alleged fraud.

The trial court is vested with broad discretion when ruling on a motion to vacate a judgment. *In re Marriage of Clark,* 813 S.W.2d 123, 125 (Mo.App.1991). An appellate court should not interfere with that action unless the record convincingly demonstrates an abuse of discretion. *Id.*

We give due regard to the trial court's opportunity to judge the credibility of witnesses. Rule 73.01(c)(2). The trial judge may believe or disbelieve all, part or none of the testimony of any witness. *T.B.G. v. C.A.G.,* 772 S.W.2d 653, 654 (Mo. banc 1989). Furthermore, the trial judge may disbelieve testimony even when uncontradicted. *In re Marriage of Lewis,* 808 S.W.2d 919, 922 (Mo. App.1991).

The only evidence of Martha's alleged fraud came from Donald's testimony, which the trial court disbelieved. Our reading of the transcript confirms that the trial court had ample reason to discredit his testimony. In its entirety, Donald's testimony demonstrated that, at the very least, he suffered from a faulty memory, likely induced by substantial use of alcohol during the time period in question. Therefore, since the trial court reasonably found that Donald's testimony was not credible, no evidence of fraud or misconduct was before the court. We find no abuse of discretion and deny this point.

Donald's fourth point reads as follows:

The court erred in not setting aside the Decree of Dissolution of Marriage entered herein for the reasons that appellant had a meritorious defense to his wife's claims, good cause exists for the setting aside of said judgment and appellant[']s motion to set aside said judgment was timely made. Therefore, Rule 74.05 Missouri Rules of

Civil Procedure authorizes said judgment to be set aside.

Aside from the obvious failure of this point to comply with the requirements of Rule 84.04(d), this claim of error fails for at least two reasons. First, Donald's motion plainly alleged he was proceeding under Rule 74.-06(6). Although that rule contains no subparagraph (6), Donald's allegations clearly refer to Rule 74.06(b)(2), which allows relief to a party from a final judgment based upon "fraud ..., misrepresentation, or other misconduct of an adverse party." Donald's evidence was limited to an attempt to show fraud and misconduct on the part of Martha. Therefore, the theory underlying Donald's motion to set aside was obviously based on Rule 74.06(b)(2). Now he asks this Court for relief on the premise that he proceeded under Rule 74.05. A party cannot try his case on one theory in the trial court and, if unsuccessful, rely upon a different theory on appeal. *Elliott v. Empson,* 555 S.W.2d 46, 47 (Mo.App.1977); *Brown v. P.N. Hirsch & Company Stores, Inc.,* 661 S.W.2d 587, 592 (Mo.App.1983).

■ Second, even if we considered that Donald was proceeding under Rule 74.05(c), he would still fail. Rule 74.05(c) provides that "[u]pon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside." *See Plybon v. Benton,* 806 S.W.2d 520, 523 (Mo. App.1991). Assuming, for the sake of argument, that Donald's allegations of fraud by Martha amount to good cause, his motion remains deficient. He stated no facts constituting a meritorious defense to Martha's petition for dissolution.

■ In denying Donald's motion to set aside, the trial court alluded to Rule 74.05(c), finding not only that Donald had failed to show a meritorious defense but also that he had failed to show good cause for setting aside the judgment. In light of our previous conclusion (that Donald's motion was based on Rule 74.06(b)), this was unnecessary. Nevertheless, the trial court properly denied the

motion, albeit for the wrong reasons. In a court-tried case, a correct decision will not be disturbed on appeal because the trial court gave a wrong or insufficient reason therefor. *Payne v. Payne,* 728 S.W.2d 635, 638 (Mo. App.1987). Point IV has no merit.

■ Finally, Donald's first two points complain only of trial court error in awarding Martha lump sum maintenance. Martha argues that this Court is without jurisdiction to decide those questions.

Martha correctly asserts that the notice of appeal specified only that Donald was appealing from the denial of his Rule 74.06 motion. Nothing in the notice indicates the appeal is taken from the default judgment entered on October 17, 1991.

A similar problem was addressed in *Erickson v. Pulitzer Publishing Co.,* 797 S.W.2d 853 (Mo.App.1990). There, plaintiff appealed from the trial court's judgment of November 9, 1989, which granted defendant's motion for summary judgment on Count I and denied plaintiff's summary judgment motion on the same count. Plaintiff also sought to appeal the trial court's judgment of September 13, 1989, which dismissed six other counts of his petition. Defendant contended that nothing was preserved for appellate review concerning the earlier judgment, because plaintiff's original notice of appeal made no reference to the earlier judgment. The appellate court denied plaintiff's motion to include the trial court's September 13, 1989, order as part of his appeal. In doing so, the Court said:

> Rule 81.08(a) states the notice of appeal must specify the judgment or order appealed from. Since the notice of appeal refers to the Count I summary judgment proceeding only and does not mention the dismissal order of September 13, 1989, this court is confined to a review of the summary judgment only.

*Id.* at 858.

As the Court in *Erickson* confined its review to the judgment specified in the notice of appeal, we treat Donald accordingly.[2] The

---

**2.** We have declined to review Points I and II based on the jurisdictional contention raised by Martha. Even if the notice of appeal had complied with Rule 81.08(a), an equally serious jurisdictional question would arise. After entry of the October 17, 1991, judgment, the next action Don-

judgment denying Donald's motion is affirmed.

PARRISH, C.J., and SHRUM, J., concur.

ald took was on July 9, 1992, when he filed his Rule 74.06 motion. Thus, by no stretch of the imagination was Donald's notice of appeal timely filed relative to the default judgment. However, this Court considers only the essential questions necessary for a proper disposition of the appeal.

*State v. State Tax Comm'n of Missouri,* 651 S.W.2d 130, 133 (Mo. banc 1983), *cert. denied,* 465 U.S. 1001, 104 S.Ct. 1019, 79 L.Ed.2d 223 (1984). For that reason we need not rule on the lack of timely filing of the notice of appeal.