**STATE of Missouri, Plaintiff– Respondent,**

v.

**Franklin D. THOMPSON, II, Defendant,**

**C & M Bonding, Inc., Appellant.**

No. 24262.

Missouri Court of Appeals, Southern District, Division Two.

April 25, 2002.

Michael R. Anderson, Houston, for appellant.

No Appearance for respondent.

PHILLIP R. GARRISON, Presiding Judge.

C & M Bonding, Inc., ("C & M") appeals from a bond forfeiture judgment, claiming that it was not given adequate notice of the bond forfeiture hearing prior to the entry of the judgment. We dismiss the appeal for failure to comply with Rule 81.12.[1]

The evidence before this Court is quite limited. From Appellant's brief it appears that Franklin D. Thompson, II ("Defendant") was arrested on the charge of sale of a controlled substance. It also appears that Defendant posted a $50,000 surety bond signed by Theresa Winfree ("Winfree") as surety. The bond was filed with the circuit court on September 22, 2000. According to C & M, Winfree serves as one of its local agents and, through a power of attorney filed with the Clerk of Butler County, has the power to execute and deliver bonds on its behalf.

The circuit court issued a capias warrant for Defendant on November 14, 2000, and a scire facias was served on Winfree, as agent for C & M, the next day. According to C & M, a bond revocation hearing was held on April 2, 2001 at which Winfree appeared, but C & M itself was not represented. C & M claims it received neither the scire facias nor notice of the bond revocation hearing.

Based on the failure to produce Defendant by April 2, 2001, the circuit court entered a bond forfeiture judgment against C & M. The judgment is dated April 5, 2001, but bears a filing stamp of April 27, 2001. C & M claims that it filed a motion to set aside the bond forfeiture judgment on April 6, 2001, which it also claims the circuit court denied that same day.

While C & M lists three separate points, all of them are based on the claim that the circuit court erred by not affording C & M notice of the bond forfeiture hearing. According to C & M, the lack of notice caused the circuit court to err in holding the hearing itself and in entering the bond forfeiture judgment. C & M also claims that the circuit court erred when it denied C & M's motion to set aside the bond forfeiture judgment.

▆▆▆ C & M, as appellant, is responsible for compiling the legal file and for ensuring that the record on appeal contains all of the evidence and information necessary for the determination of all questions presented to this Court for decision. *See In re Estate of Abbott*, 944 S.W.2d 279, 284 (Mo.App. S.D.1997); *see also* Rule 81.12(a). In the instant case, the record on appeal does contain the bond forfeiture judgment, which is the primary subject of C & M's points on appeal. Other pertinent documents are missing, however, causing the record to be defective, and making it impossible for us to review the judgment and the alleged claims of error. *See State v. Anderson*, 37 S.W.3d 821, 822 (Mo.App. E.D.2001). Specifically, while C & M's statement of facts refers to docket entries relating to the judgment, bond forfeiture hearing, notice and the motion to set aside, the legal file does not contain the actual docket sheet. Therefore, unless the information that C & M claims appears on the docket sheet is elsewhere in the record, we have no means by which to verify the information. In addition, part of C & M's argument relies on a power of attorney between it and Winfree under which she allegedly only has limited

---

1. All rule references are to Missouri Rules of Civil Procedure (2001), unless otherwise noted.

authority to execute and deliver bonds for C & M, authority that C & M claims does not include receiving service of notice or appearing on its behalf at a bond revocation hearing. However, the power of attorney is not provided as part of the record; thus, we are unable to verify its contents, existence or effect on alleged error.

■ One of C & M's points also includes the charge that the circuit court erred in denying C & M's motion to set aside the bond forfeiture judgment. However, there is no evidence provided in the record of either the motion or any subsequent denial of it by the circuit court. Further, C & M's notice of appeal, jurisdictional statement, and statement of facts only refer to the bond forfeiture judgment, not the circuit court's alleged denial of a motion to set aside that judgment. Missouri appellate courts have confined their review to the judgment or order listed on the notice of appeal. *See Anderson v. Anderson,* 869 S.W.2d 289, 292 (Mo.App. S.D.1994); *Erickson v. Pulitzer Pub. Co.,* 797 S.W.2d 853, 858 (Mo.App. E.D.1990).

The appeal is dismissed for failure to comply with the mandatory provisions of Rule 81.12.

PARRISH and RAHMEYER, JJ., concur.