**BARON RARITIES, INC.,**
**Plaintiff–Respondent,**

v.

**David STONE, Defendant–Appellant.**

**No. 54481.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 11, 1988.

David Stone, Chesterfield, pro se.

Edward Lander, St. Louis, for plaintiff-respondent.

PER CURIAM.

Defendant, David Stone, appeals from a judgment entered in the associate circuit court, following a recorded bench trial. The trial court entered judgment in favor of plaintiff, Baron Rarities, Inc., and against defendant in the amount of $250 and entered judgment in favor of plaintiff on defendant's counterclaim. Since this case falls within the category of cases set forth in Section 512.180.2, RSMo (1986), this appeal is governed by the rules applicable to appeals from judgments rendered by circuit judges. Section 512.190.2, RSMo (1986).

The trial court entered its judgment in this case on October 15, 1987. Defendant filed his motion for new trial on November 11, 1987, and the trial court denied the motion on February 16, 1988. Defendant then filed a notice of appeal on February 26, 1988.

A judgment becomes final at the expiration of 30 days after the entry of the judgment if no timely motion for new trial is filed. Rule 81.05(a). In order for a motion for new trial to be timely, it must be filed not later than 15 days after the entry of judgment. Rule 73.01(a)(3). In the event a motion for new trial is timely filed, the judgment becomes final 90 days after the filing of such motion, or if such motion is passed on at an earlier date, then at the date of disposition of the motion. Rule 81.05(a).

The judgment in this case became final on November 14, 1987, 30 days after entry of judgment, because no timely motion for new trial was filed. Defendant did not file his motion for new trial by October 30, 1987, 15 days after the entry of judgment. Instead, defendant filed his motion for new trial on November 11, 1987, 27 days after entry of judgment. Therefore, defendant's motion for new trial was untimely filed.

A party may file a timely notice of appeal with the clerk of the court not later than ten days after the judgment or order appealed from becomes final. Rule 81.-04(a).

Defendant's notice of appeal was not timely filed. Again, the judgment defendant appealed from became final on November 14, 1987. Defendant did not file his notice of appeal by November 24, 1987, 10 days after the judgment became final. Instead, defendant filed his notice of appeal on February 26, 1988, 104 days after the judgment became final. Therefore, defendant's notice of appeal was not effective.

In view of our holding, we decline to address the substantive issues raised by the defendant.[1] Defendant's appeal is dismissed.

All concur.

---

1. We note that even if we were to address the substantive points of defendant's appeal, defendant would not prevail. Although defendant alleges that the trial court judgment was against the weight of the evidence, defendant did not provide a transcript upon appeal in order for us to evaluate the trial court's judgment. Additionally, defendant cited no authority for his point of error in his appellate brief.