**In re the Matter of Shannon Kimberly SMITH and Amber Nicole Smith.**

**Sharon G. TEMPLETON and Robert B. Templeton, Petitioners/Appellants,**

v.

**Tamara S. SMITH and Judson Dwayne Smith, Respondents.**

**No. 60927.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 27, 1992.

Michelle S. House, Armstrong, Teasdale, Davis & Dicus, St. Louis, for petitioners/appellants.

Daniel P. Card, II, Love, Lacks & Paule, Clayton, for respondents.

SIMON, Judge.

Appellants, maternal grandparents of Shannon Kimberly and Amber Nicole Smith, appeal the trial court's order dismissing their "Petition for Determination of Grandparents' Visitation Rights." The natural parents filed a motion to dismiss and the trial court dismissed the petition for lack of jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA), § 452.440 et seq. R.S.Mo. (1986). In its order dismissing the petition for lack of jurisdiction under the UCCJA the trial court held that because the action was not considered commenced until summons were issued to the parents and the children had been residing in the state of Pennsylvania

for over six months prior to the commencement, the court did not have jurisdiction under the UCCJA. On appeal, appellants contend the trial court erred in dismissing their petition because: 1) Missouri was the home state of the children when the action was commenced, 2) the children and all litigants had significant connections with the state of Missouri and there was available in this state substantial evidence concerning the children's present or future care, protection, training and personal relationships, and 3) no other state had jurisdiction under the UCCJA and it was in the children's best interest for the trial court to assume jurisdiction to determine the grandparents' visitation rights. Respondents filed a motion to dismiss the appeal simultaneously with the filing of their brief alleging that this court lacked jurisdiction because appellants failed to timely file their notice of appeal. The motion to dismiss the appeal was ordered to be taken with the case.

Initially we address respondents' motion to dismiss. Appellants filed their petition for a determination of grandparents' visitation rights on September 24, 1990. Summons were issued on October 4, 1990. The order dismissing appellants' petition was entered on July 29, 1991. (all further dates are in the year 1991 unless otherwise noted) On August 5 the trial court granted appellants leave until August 16 to file a motion to reconsider the dismissal order of July 29. The order of August 5, states: "[p]etitioners granted leave, until August 16, 1991 to file their motion to reconsider this Court's order of July 29, 1991 and memorandum in support of the same." On August 16 appellants filed their motion to reconsider the trial court's order dismissing their petition for determination of grandparents' visitation rights and a memorandum in support thereof.

On September 6 respondents filed a motion to correct a clerical mistake in the July 29 order, and a motion to strike appellant's motion to reconsider, asserting that: 1) a motion to reconsider is considered the same as a motion for a new trial, 2) the trial court cannot enlarge the fifteen days within which to file a motion for a new trial,

and 3) the dismissal order became final thirty days after it was entered and the trial court was without jurisdiction to amend, modify or reconsider the dismissal order. On September 13 the trial court overruled respondents' motion to strike, took appellants' motion to reconsider under advisement, and sustained respondents' motion to correct a clerical mistake in the order of July 29 by changing the date the children have been domiciled in the state of Pennsylvania from March 24, 1990 to March 26, 1990. The record reveals that the parties do not dispute that March 26, 1990 is the correct date. Appellants did not oppose respondents' motion to correct and assert in their brief that March 26, 1990 is the correct date. On September 16 the trial court denied appellants' motion to reconsider. On October 15 appellants filed their notice of appeal.

In their motion to dismiss the appeal, respondents contend that appellants' notice of appeal is untimely in that the judgment of July 29 dismissing appellants' petition became final on August 28, and the notice of appeal was due by September 9 (September 7 being a Saturday). Alternatively, respondents contend that if appellants' motion to reconsider had been timely filed, the order dismissing the petition became final on September 16 when appellants' motion to reconsider was denied, therefore, the notice of appeal should have been filed within ten days thereafter. Responding, appellants argue that their August 5 request should be viewed as a timely motion for a new trial or a motion to amend the judgment, and therefore, the dismissal order would not be final until September 16, when the trial court denied the motion to reconsider.

Further, appellants contend that the correction order of September 13 amended the July 29 order and it did not become a final judgment until October 13. Therefore, their notice of appeal filed on October 15 was timely.

We shall treat appellants' motion to reconsider as a motion for a new trial. *In re Marriage of Wardlaw*, 809 S.W.2d

470, 472[2] (Mo.App.1991). Rule 73.01(a)(3) provides that a motion for a new trial in a court-tried case, while not necessary, has to be filed not later than fifteen days after the entry of the judgment. *Baron Rarities, Inc. v. Stone,* 758 S.W.2d 212, 213 (Mo.App.1988). Rule 73.01(a)(3) is the court-tried case counterpart of Rule 78.04 which pertains to jury trials, and requires that a motion for a new trial be filed within fifteen days after a judgment is entered. The filing of a timely motion for a new trial extends the period in which a judgment becomes final to ninety days after the filing of the motion or when the motion is ruled on if sooner than ninety days. *Baron Rarities,* 758 S.W.2d at 213; Rule 81.-05(a). When no timely motion for a new trial is filed a judgment becomes final thirty days after it is entered. *Baron Rarities,* 758 S.W.2d at 213; Rule 81.05(a). A notice of appeal must be filed within ten days after the judgment becomes final. *Baron Rarities,* 758 S.W.2d at 213; Rule 81.04(a).

Rule 44.01(b) prohibits the trial court from enlarging the time within which to file a motion for a new trial in a court-tried case and a motion filed out of time is a nullity. *In re Marriage of Grigery,* 818 S.W.2d 738, 739[2] (Mo.App.1991). Appellants urge us to view their request for additional time to file their motion to reconsider as a timely motion for a new trial or a motion to amend the judgment. Clearly, it is not. Therefore, the filing of appellants' motion on August 16 was not timely. The trial court's judgment of July 29 dismissing their petition became final on August 28. Rule 81.05(a).

As to appellants' contention that the correction order of September 13 created a new judgment, we note that the judgment was final on August 28 with the trial court retaining jurisdiction to correct clerical mistakes. Rule 74.06(a). A nunc pro tunc entry can be used to correct judicial mistakes or oversights, however, it cannot be used to render a different judgment, even if the judgment actually rendered was not the intended judgment. *Roedel v. Roedel,* 788 S.W.2d 788, 790[1–3] (Mo.App.

1990). In addition, a clerical error may be remedied only if there is some writing in the record which evidences the judgment as actually rendered differs in comparison to the entered judgment. Id. The trial court held that the case was commenced on October 4, 1990, therefore the children were in Pennsylvania for over six months using either March 24 or 26, 1990. The correction in the date that the children resided in Pennsylvania did not affect the substance of the judgment.

Therefore, the judgment became final on August 28, the notice of appeal was due Monday, September 9 since September 7 was a Saturday. Appellants' notice of appeal was not filed until October 15. Further, appellants did not request leave to file their appeal out of time and the six months within which to make such a request has expired and may not be enlarged. *In re Marriage of Cope,* 820 S.W.2d 114 (Mo.App.1991); Rule 81.07(a); Rule 44.01(b). In the absence of a timely filed notice of appeal this court has no jurisdiction. *In re Grigery,* 818 S.W.2d at 739[1].

Appeal dismissed.

CARL R. GAERTNER, P.J., and CRANE, J., concur.