CURTIS, OETTING, HEINZ, GARRETT & SOULE, P.C., Plaintiff/Respondent,

v.

Donald M. WITTE, Defendant/Appellant.

No. 71355.

Missouri Court of Appeals,
Eastern District,
Division One.

May 27, 1997.

---

Donald M. Witte, Warson Woods, pro se.

Keith K. Cheung, Curtis, Oetting, Heinz, Garrett & Soule, P.C., Clayton, for respondent.

REINHARD, Judge.

Defendant appeals the dismissal of his application for trial de novo after judgment for plaintiff in a court-tried case by an associate circuit judge. We dismiss.[1]

Plaintiff filed a petition for breach of contract and requested $5000 plus interest. The

---

1. Plaintiff did not file an appellate brief.

case was tried and recorded before an associate circuit judge on June 25, 1996, and the court entered judgment for plaintiff for $5000 plus interest on July 19, 1996. Defendant subsequently filed a timely[2] application for trial de novo, and plaintiff filed a motion to dismiss the application. The circuit court granted plaintiff's motion and dismissed defendant's application.

On appeal, defendant contends the circuit court erred in dismissing his application because he was entitled to a trial de novo under § 512.180.1, RSMo 1994, which provides:

> Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo in all cases where the petition claims damages not to exceed five thousand dollars.

Plaintiff's motion to dismiss cited *Baron Rarities, Inc. v. Stone*, 758 S.W.2d 212 (Mo. App.1988). In *Baron*, the defendant appealed from a $250 judgment for the plaintiff[3] following a recorded bench trial. We dismissed the case because the defendant's notice of appeal was untimely but noted, without explanation, that the case fell within § 512.180.2, RSMo 1986, and was "governed by the rules applicable to appeals from judgments rendered by circuit judges" under § 512.190.2, RSMo 1986. *Baron*, 758 S.W.2d at 213.

Unlike *Baron*, the case before us clearly falls within the provisions of § 512.180.1, RSMo 1994. The associate judge was not sitting in the probate division, and the record does not indicate that the case was assigned to the associate division to be tried as a circuit court case. The petition did not claim damages in excess of $5000 because interest is not considered in determining the $5000

limit. *Aldridge v. First Financial Insurance Company*, 828 S.W.2d 734, 735 (Mo.App. 1992). Under § 512.180.1, RSMo 1994, we conclude that defendant is entitled to a trial de novo in the circuit court. *See Merriman v. Chura*, 842 S.W.2d 199, 200 (Mo.App. E.D. 1992).

This appeal is dismissed for lack of jurisdiction.

DOWD, P.J., and GARY M. GAERTNER, J., concur.

---

**2.** The record on appeal is unclear about the filing date for the application for trial de novo. The minutes contain two entries recording the filing of the application, one dated July 26, 1996, and one dated August 5, 1996. The application for trial de novo is file stamped August 5, 1996. However, the application is dated July 26, 1996, and plaintiff's motion to dismiss conceded that it had been filed on July 26th. Apparently, the timeliness of the application is not at issue in this case.

**3.** The defendant also appealed the judgment for the plaintiff on the defendant's counterclaim.