In re the Estate of Paul A. **GIANELLA, Deceased.**

**No. ED 81189.**

Missouri Court of Appeals, Eastern District, Division Three.

April 8, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 19, 2003.

Application for Transfer Denied Aug. 26, 2003.

Jack F. Allen, Clayton, MO, for appellant.

Raymond A. Bruntrager, Mary L. Bruntrager, Daniel P. Finney, Jr., St. Louis, MO, James P. Towey, Chesterfield, MO, for respondents.

Before MARY R. RUSSELL, P.J., CLIFFORD H. AHRENS, J., and BOOKER T. SHAW, J.

PER CURIAM.

Paula M. Gianella ("Sister") appeals from an order denying her motion to set aside an October 24, 2001, judgment against her in a probate matter concerning the estate of her father, Paul A. Gianella ("Father"). Sister argues on appeal that the trial court erred in finding that she lacked standing to bring an action on behalf of the estate and in holding that Rule 74.03 did not apply to her motion to set aside the order and judgment. We find no error and affirm.

Sister has appealed to this court previously alleging improprieties with respect to the way her brother, Frank A. Gianella ("Brother"), the personal representative, has managed the estate. *See In re Estate of Gianella,* 33 S.W.3d 573 (Mo.App.2000); *see also In re Gianella,* 51 S.W.3d 89 (Mo.App.2001). Sister is responsible for a multitude of litigation arising in connection with Father's estate. We decline to chronicle the litigation of Father's estate *ad nauseam* and instead attempt to provide only the information necessary to understand the instant arguments on appeal.

Father died on December 30, 1994, survived by Brother and Sister. Brother filed an application for letters testamentary and for probate of Father's will on February 15, 1995. Sister thereafter filed numerous motions objecting to Brother's actions, including several motions to dismiss him as personal representative, motions objecting to his personal representative fee, motions objecting to the estate inventory, motions to hold him in contempt, and motions for sanctions against him.

An order of distribution in Father's estate was entered on February 4, 1999, after approval of a final settlement. Sister filed a motion to set aside the judgment. A trial judge dismissed the motion on August 13, 1999, and Sister appealed. This court subsequently affirmed the approval

of the final settlement and order of distribution. *See In re Estate of Gianella*, 33 S.W.3d at 573.

Sister then filed a petition to disgorge and for damages. She named several defendants, including Brother's attorneys, alleging that they participated in a series of fraudulent transactions whereby Brother acquired, at purportedly substantial discounts, title to two parcels of real property owned by the estate. Sister requested that the defendants disgorge to the estate the improper profits obtained through the scheme. Brother filed a motion to dismiss for lack of standing. The trial court entered its judgment on October 24, 2001.

Finding that only the personal representative has standing to bring an action on behalf of an estate, the trial court granted Brother's motion as it was undisputed that Sister was not the personal representative. The trial court also granted Brother's motion to discharge him as personal representative, despite Sister's objections that Brother, as personal representative, failed to file an accounting following the final settlement. In addressing Sister's claims, the trial court noted:

> The appropriate remedy where a personal representative mismanages or wastes the estate is for an interested person to move for the removal of the personal representative.... [Sister] has repeatedly raised her allegations regarding misconduct on the part of [Brother], including the sale of the real property. [Sister] sought the removal of the personal representative in May 1995, September 1996 and February 1998. [Sister] also asked the Court to set aside the final settlement based upon the alleged fraud. This motion to set aside for

fraud was abandoned.... In light of [Sister's] failure to present any evidence regarding her claim of fraud at the hearing on her objections to the final settlement and her abandonment of the issue, there is no reason for the issue to be reconsidered now.

Brother requested sanctions against Sister pursuant to Rule 55.03. He argued that Sister filed her claims solely for the improper purpose of harassing him, that she had repeatedly raised the same meritless claims, and that she had been sanctioned three times in the past for raising those claims. The trial court agreed and sanctioned Sister $1,500, finding that her claims were baseless and had been argued before and either abandoned or rejected.

Sister claims, and Brother does not dispute, that she did not receive notice of the October 24 judgment until January 10, 2002. Upon receipt of notice, however, Sister did not act further until she filed a motion on April 15, 2002, to set aside the October judgment pursuant to Rule 74.03.[1] The trial court issued an order on May 13, 2002, denying Sister's motion to set aside the judgment, her request for sanctions, and Brother's request for sanctions. This appeal follows.

Before resolving Sister's claims on appeal, we first address Brother's motion to strike her appellate brief because it fails to comply with the requirements of Rule 84.04. Rule 84.04(c) instructs that the presentation of facts "shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Sister's statement of facts, however, is a 27–page rambling diatribe of the tortured history of the liti-

---

1. Rule 74.03 provides in pertinent part: Immediately upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail.... If such notice is not given, the order or judgment shall be set aside for good cause shown upon written motion filed within six months from the entry of the order or judgment.

gation regarding Father's estate. Furthermore, Sister's points relied on fail to conform to the form established in Rule 84.04(d)(1)(C).

■ Rule 84.04 violations constitute sufficient grounds for dismissal of an appeal. *Mello v. Giliberto,* 73 S.W.3d 669, 672 (Mo. App.2002). Because we are able to ascertain her arguments, however, we invoke our discretion and review Sister's claims *ex gratia* in an effort to provide a determination on the merits. *See id.; Vanschoiack v. Adkins,* 854 S.W.2d 432, 435 (Mo.App.1993). Brother's motion to strike Sister's brief is denied.

■ In her first point relied on, Sister argues that the trial court erred in finding she had no standing to participate in the previous litigation because it ignored her interest in Father's estate in reaching its conclusion. Sister's argument, however, relates to the trial court's ruling on October 24 and not the May 13 denial of her motion to set aside that judgment. The notice of appeal filed by Sister on May 22 indicates that the judgment appealed from is the May 13 denial of her motion to set aside the October 24 judgment.

Rule 81.08(a) requires the appellant to specify in the notice of appeal from which judgment or order the appeal lies. *Erickson v. Pulitzer Pub. Co.,* 797 S.W.2d 853, 858 (Mo.App.1990). Sister's notice of appeal refers only to the May 13 judgment and not to the October 24 judgment. As a result, our review is confined to the court's ruling on the motion to set aside the judgment. *See id.*

Sister alleges that she did not receive notice of the October 24 judgment until after her opportunity to file a timely notice of appeal had expired. Even if Sister received late notice of the October 24 judgment, she could have filed a motion pursuant to Rule 81.07(a) to request leave to file her notice of appeal out of time.[2] *See Erickson,* 797 S.W.2d at 858. Rule 81.07(a) allows an appellant to file a motion for late notice of appeal within six months after the date of the final judgment. *Erickson,* 797 S.W.2d at 858. Sister would have been required to provide notice to the opposing parties and to include an affidavit stating that the claim possessed merit and that the delay was not due to her culpable negligence. Rule 81.07(a); *Erickson,* 797 S.W.2d at 858–59.

Sister never requested a special order from this court to file a late notice of appeal with respect to the October 24 judgment. The six months within which to make her request has expired, and it cannot be extended. *See In re Matter of Smith,* 840 S.W.2d 268, 271 (Mo.App.1992). "In the absence of a timely filed notice of appeal this court has no jurisdiction," and we cannot review Sister's claim that the court erred in the October 24 judgment by finding she lacked standing. *Id.* Sister's first point on appeal is dismissed.

■ In her second point relied on, Sister argues that the trial court erred in determining that Rule 74.03 does not apply to a motion to set aside a judgment in a probate proceeding. In one of her previous appeals to this court, Sister filed a motion to set aside the judgment for mistake. She contended that her motion to set aside the judgment was an independent action pursuant to Rule 74.06(b), which allows the court to relieve a party from a final judgment or order for several reasons, including because the judgment is irregular. *See* Rule 74.06(b)(3). In the

---

2. Our records establish Sister's familiarity with the procedure for requesting permission to file a late notice of appeal as this court previously granted her motion to file a late notice of appeal in a related case.

memorandum opinion issued to the parties and accompanying our order, we stated:

> The provisions of Rule 74 are not applicable to probate proceedings. *Baldwin v. Dandurand,* 785 S.W.2d 547, 549 (Mo. banc 1990). But one method of attacking a final probate judgment is a motion to set the judgment aside for irregularity under section 511.250 RSMo.1994. *[Baldwin,* 785 S.W.2d at 549.] Section 511.250 remains available as a remedy to set aside a final judgment in a probate proceeding where an irregularity is shown to exist. [*Baldwin,* 785 s.W.2d at 549.] "A motion to set aside a final judgment in a probate proceeding serves the same purpose as a proceeding in equity to set aside a judgment, and the order of the court on the motion is a final judgment." *Id.* at 550.

We then attempted to evaluate the merits of Sister's contention that the trial court erred in failing to set aside the judgment for mistake, but we denied her claim because her allegation of error was unpreserved.

In the instant case, Sister appeals from the denial of a motion filed pursuant to Rule 74.03 to set aside a judgment based on her failure to receive proper notice. We explained to Sister in a previous memorandum the inapplicability of Rule 74 to probate proceedings.

Sister's counsel acknowledged at oral argument that *Baldwin* clearly declares the inapplicability of Rule 74, but he stated that *Baldwin* was not "well-reasoned" and that we are not required to follow "blindly" the precedent established by the Supreme Court of Missouri. Our constitution, however, instructs otherwise: "The supreme court shall be the highest court in the state.... Its decisions shall be controlling in all other courts." Mo. CONST. art. V, section 2.

*Baldwin* unequivocally states that Rule 74 does not apply to probate proceedings. 785 S.W.2d at 549. The trial court properly applied the law in denying Sister's Rule 74.03 motion to set aside the judgment. Sister's second point on appeal is denied.

■ As a final matter, we address Brother's motion requesting damages for frivolous appeal. He asserts that Sister merely attempts to reargue issues previously raised and rejected by this court and matters beyond the scope of her notice of appeal. He further alleges that her appeal is insufficiently briefed, facially devoid of merit, and unsupported by legal authority. We agree.

■ Rule 84.19 permits us, upon a determination that an appeal is frivolous, to award the respondent damages in an amount we deem just and proper. The purposes of awarding sanctions for frivolous appeals are to prevent unnecessary congestion of our dockets and to compensate respondents for the expenses they incur in defending meritless claims. *Johnson v. Aldi, Inc.,* 971 S.W.2d 911, 912 (Mo.App.1998). We may impose sanctions against either a party or counsel. *Ampleman v. Scheweppe,* 972 S.W.2d 329, 333 (Mo.App.1998).

At oral argument, Sister's counsel presented a letter she had written to this court. It influenced our consideration of whether to award sanctions against her, although the letter was not considered in evaluating the merits of her points on appeal. Sister's two-page letter, which was filed without objection from Brother, states in part:

> When you do not have the truth on your side, use lies, deceit, and misrepresentation. This is the credo that the opposing counsel has indulged in during these past years.
>
> . . . .

I have been accused of needlessly taking up the court's time. The court has chosen to ignore the theft, fraud, forgery, perjury, and conspiracy perpetrated by the executor, and even ignored the fact that one of the judges involved openly admitted that he never bothered reading a thing. He just ruled.

. . . .

I would still like to believe in the system, but at this point, it seems that rulings are based on the best lies, the stature of the firm, and the amont [sic] of money one has.

Regardless of your ruling today, I will still endeavor to have my father's wishes heard, respected, and followed. I made him that promise. He had a right to ask that of me, and that was the last time I saw him alive.

We note that Sister's counsel represented her previously before this court. Her arguments and statements in the instant case represent merely a repackaging of similar meritless allegations raised by her in the past and constitute nothing more than a frivolous appeal. *See Nolfo v. Dubin*, 861 S.W.2d 136, 140 (Mo.App.1993). Her incessant attempts in the past and present to relitigate this case and her letter to the court professing a similar intention for the future evidence her pledge to engage in further needless litigation.

In light of the foregoing, we grant Brother's motion for sanctions. We award sanctions against Sister and her counsel in the amount of $750 each to be paid to Brother's attorney.